IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JARED DORN**<br>146 Third Street<br>Wood-Ridge, NJ  07075<br><br>　　　　　　　**Plaintiff,**<br>v.<br><br>**CONELIUS FLUNORY**<br>15 Mother Gaston Blvd.<br>Brooklyn, NY  11233<br><br>　　　　　and<br><br>**GUARANTEED EXPRESS**<br>　**INCORPORATED**<br>652 North King Road<br>San Jose, CA  95133<br><br>　　　　　and<br><br>**RYDER SYSTEM, INC.**<br>11690 NW 105th Street<br>Miami, FL  33178<br><br>　　　　　and<br><br>**RYDER TRUCK RENTAL, INC.**<br>11690 NW 105th Street<br>Miami, FL  33178<br><br>　　　　　**Defendants.** | **CIVIL ACTION NO.:**<br><br>**TRIAL BY JURY OF**<br>**TWELVE DEMANDED** |

## **COMPLAINT**

Plaintiff, Jared Dorn, (hereinafter referred to as "Plaintiff") by and through his attorney, James D. Famiglio, Esquire, brings this action against the above-captioned Defendants and in support thereof avers as follows:

## Jurisdiction

1. This action is one over which the federal court has original jurisdiction pursuant to Title 28, United States §1332 since the amount in controversy exceeds a sum or value of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs, and is between a citizen and a party of different states.

## Parties

2. The Plaintiff, Jared Dorn, is a citizen and resident of the State of New Jersey residing therein at 146 Third Street, Wood-Ridge, New Jersey, 07075.

3. Upon information and belief, the Defendant, Conelius Flunory (hereinafter referred to as "Flunory") is a citizen and resident of the State of New York, residing therein at 15 Mother Gaston Boulevard, Brooklyn, New York, 11233.

4. Upon information and belief, the Defendant, Guaranteed Express Incorporated (hereinafter referred to as "Guaranteed Express") is a California Corporation or other entity with a principal place of business located at 652 North King Road, San Jose, California, 95133 and a mailing address of P.O. Box 62377, Sunnyvale, California, 94088. Guaranteed Express is a registered freight carrier with the Federal Motor Safety Administration with a Federal Department of Transportation Registration Number of 991737.

5. Upon information and belief, Defendant, Ryder System, Incorporated (hereinafter referred to as "Ryder") is a Florida corporation or other entity with a principal place of business located at 11690 NW 105th Street, Miami, Florida, 33178.

6. Upon information and belief, Defendant, Ryder Truck Rental, Inc. (hereinafter referred to as "Ryder Truck Rental") is a Florida corporation or other entity

with a principal place of business located at 11690 NW 105th Street, Miami, Florida, 33178.

7. At all times relevant hereto, and specifically on October 25, 2015, Flunory was an employee, actual, and/or apparent agent of, and/or independent contractor contracting with Guaranteed Express, Ryder and/or Ryder Truck Rental acting within the course and scope of his employment and/or agency relationship with Guaranteed Express, Ryder and/or Ryder Truck Rental.

### Facts

8. At or around 2:53 a.m., on October 25, 2015, Plaintiff was a passenger in a tractor towing a trailer driven by Defendant, Flunory, which was traveling East on Interstate 80 near Red Rock Road in Black Creek Township, Luzerne County, Pennsylvania. In this area, Interstate 80 is a four lane divided highway with two lanes in each direction and a speed limit of 65 mph.

9. At or about 2:53 a.m. on October 25, 2015, Flunory was driving a tractor-trailer combination of a 2014 Freightliner Coronado tractor owned by Ryder Truck Rental and towing a Wanc trailer owned by Extra, LLC. Prior to the accident hereinafter referred to, Flunory was traveling East on Interstate 80 in the right-hand lane. Plaintiff was a passenger in this tractor-trailer combination.

10. At or about 2:53 a.m., on October 25, 2015, it was raining in the area of the accident and roadway conditions were wet.

11. At or about 2:53 a.m. on October 25, 2015, the tractor-trailer driven by Flunory approached a right-hand curve in Interstate 80.

12. Flunory was obligated to operate his tractor-trailer at speeds reasonably safe for conditions and reasonably safe to negotiate the roadway.

13. As the tractor-trailer approached the right curve in Interstate 80, Flunory was operating the tractor-trailer combination too fast for conditions and too fast to safely negotiate the curve.

14. As the tractor-trailer combination approached the curve it jack-knifed, struck the right-hand side guardrail and rolled onto its passenger side.

15. As a result of the rollover of the tractor-trailer, Plaintiff, was violently thrown from the sleeping compartment of the tractor sustaining severe and permanently disabling injuries to be more particularly set forth below.

16. Emergency medical providers arrived on scene and transported Plaintiff to Geisinger Medical Center.

17. As a result of the accident, Plaintiff sustained serious injuries including, but not limited to, fracture of three ribs on his right side, injuries to the nerves, ligaments, tendons, muscles and soft tissues of the body; aggravation of pre-existing conditions; bruises and contusions; post-traumatic stress disorder; anxiety and depression; and other injuries throughout the body.

18. As a result of the accident, Plaintiff suffered and was caused to suffer:

  (a) fracture of three ribs on his right side;

  (b) injuries to the nerves, ligaments, tendons, muscles and soft tissues of the body;

  (c) aggravation of pre-existing conditions;

  (d) bruises and contusions;

  (e) post-traumatic stress disorder;

(e) anxiety and depression;

(f) fear and fright;

(g) disfigurement;

(h) pain and suffering;

(i) past and future humiliation and embarrassment;

(j) past and future medical expenses;

(k) past and future medical treatments;

(l) past and future loss of life's pleasures; and

(m) past and future economic loss.

## COUNT I - NEGLIGENCE
### Plaintiff, Jared Dorn v. Conelius Flunory

19. Plaintiff incorporates by reference paragraphs 1 through 18 as though fully set forth herein at length.

20. The careless and negligent conduct of Flunory and through him, Guaranteed Express, Ryder and Ryder Truck Rental, consisted of the following:

(a) failing to operate his vehicle in a safe manner;

(b) failing to keep his vehicle under control while traveling around a curve;

(c) failing to operate his vehicle at a speed safe for conditions;

(d) failing to keep his vehicle under control at all times;

(e) failing to properly maintain the tractor-trailer in a reasonably safe condition to negotiate a curve without jack-knifing;

(f) failing to use due care when going around a curve in the highway;

(g) failing to prevent his tractor-trailer from jack-knifing and rolling over;

(h) negligence per se for violation of 75 Pa. Con. Stat. §3361(driving vehicle at safe speed), §3362 (excessive speed limits), §3714 (careless driving), and §3736 (reckless driving);

(i) operating his vehicle at such a speed and in such a manner so as to create a dangerous situation for other motorists on the roadway;

(j) violating the laws and ordinances of the Commonwealth of Pennsylvania;

(k) failure to use due care under the circumstances;

(l) being inadequately and/or improperly trained and/or supervised by Guaranteed Express, Ryder and/or Ryder Truck Rental;

(m) failure to adequately and/or properly maintain or repair the vehicle; and,

(n) negligence per se.

WHEREFORE, Plaintiff, Jared Dorn, demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs.

## COUNT II - NEGLIGENCE
### Jared Dorn v. Guaranteed Express, Ryder and/or Ryder Truck Rental

21. Plaintiff incorporates by reference paragraphs 1 through 20 as though fully set forth herein at length.

22. At all times relevant hereto, and specifically on October 25, 2015, Flunory was an employee, actual, and/or apparent agent of, and/or independent contractor contracting with Guaranteed Express, Ryder and Ryder Truck Rental.

23. Guaranteed Express, Ryder and Ryder Truck Rental are vicariously liable for damages caused by the careless and negligent conduct of their employee, agent,

servant, and/or workman, Flunory, as set forth fully in the preceding paragraphs, inclusive.

24.   Guaranteed Express, Ryder and Ryder Truck Rental are vicariously liable for the conduct of Flunory, and also directly liable for the following careless and negligent conduct:

(a) failing to maintain the tractor-trailer combination in a manner that was reasonably safe to allow it to negotiate a curve without jack-knifing and rolling over;

(b) failing to maintain the tires on the tractor-trailer combination in a reasonably safe manner;

(c) failing to maintain the brakes on the tractor-trailer combination in a reasonably safe manner;

(d) failing to inspect the tractor-trailer combination to assure that it was in a reasonably safe condition to allow it to negotiate a curve without jack-knifing and rolling over;

(e) failing to adequately and/or properly maintain or repair the tractor-trailer combination;

(f) inadequately and/or improperly training and/or supervising Flunory;

(g) inadequately and/or improperly screening/interviewing/hiring Flunory;

(h) inadequately and/or improperly allowing Flunory to operate its equipment despite knowledge of Flunory's inability to adequately and properly operate a motor vehicle as more fully set forth in the preceding paragraphs; and,

(i) negligence per se.

WHEREFORE, Plaintiff, Jared Dorn, demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs.

## COUNT III - NEGLIGENT MAINTENANCE
### Jared Dorn v. Guaranteed Express, Ryder and/or Ryder Truck Rental

25. Plaintiff incorporates by reference paragraphs 1 through 24 as though fully set forth herein at length.

26. The negligence of Defendants, Guaranteed Express, Ryder and Ryder Truck Rental, consisted of the following:

- (a) failing to maintain the tractor-trailer combination in a manner that was reasonably safe to allow it to negotiate a curve without jack-knifing;

- (b) failing to maintain the tires on the tractor-trailer combination in a reasonably safe manner;

- (c) failing to maintain the brakes on the tractor-trailer combination in a reasonably safe manner;

- (d) failing to inspect the tractor-trailer combination to assure that it was in a reasonably safe condition to allow it to negotiate a curve without jack-knifing and rolling over;

- (e) failing to adequately and/or properly maintain or repair the tractor-trailer combination;

- (f) inadequately and/or improperly training and/or supervising Flunory;

- (g) inadequately and/or improperly screening/interviewing/hiring Flunory;

- (h) inadequately and/or improperly allowing Flunory to operate its equipment despite knowledge of Flunory's inability to adequately and properly operate a motor vehicle as more fully set forth in the preceding paragraphs; and,

- (i) negligence per se.

WHEREFORE, Plaintiff, Jared Dorn, demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs.

## COUNT IV - NEGLIGENT ENTRUSTMENT
### Jared Dorn v. Guaranteed Express Incorporated

27. Plaintiff incorporates by reference paragraphs 1 through 26 as though fully set forth herein at length.

28. It is believed and therefore averred that the negligence of Guaranteed Express Incorporated includes, but is not limited to, the following as discovery may show:

   (a) negligently entrusting Flunory with the tractor-trailer combination when it knew or should have known that he lacked sufficient rest, skill, judgment, and prudence in the operation of a motor vehicle;

   (b) failing to fully and adequately instruct Flunory in the safe operation of the motor vehicle prior to entrusting him with the tractor-trailer combination;

   (c) failing to prevent Flunory from operating the tractor-trailer combination until he had sufficient ability and safety maturity to operate the tractor-trailer combination safely; and

   (d) failing to adequately ascertain that Flunory lacked the ability necessary to safely operate the tractor-trailer combination under the circumstance.

29. It is believed and therefore averred that as a result of Flunory's negligence, Plaintiff suffered injuries and losses as more fully set forth in the paragraphs of this Complaint above which are incorporated herein by reference thereto as though same were set forth fully herein at length.

WHEREFORE, Plaintiff, Jared Dorn, demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs.

## COUNT V - NEGLIGENT ENTRUSTMENT
### Jared Dorn v. Ryder System, Inc. and Ryder Truck Rental, Inc.

30. Plaintiff incorporates by reference paragraphs 1 through 29 as though fully set forth herein at length.

31. It is believed and therefore averred that the negligence of Ryder System, Inc. and/or Ryder Truck Rental, Inc. includes, but is not limited to, the following as discovery may show:

   (a) negligently entrusting Flunory with the tractor-trailer combination when it knew or should have known that he lacked sufficient rest, skill, judgment, and prudence in the operation of a motor vehicle;

   (b) failing to fully and adequately instruct Flunory in the safe operation of the motor vehicle prior to entrusting him with the tractor-trailer combination;

   (c) failing to prevent Flunory from operating the tractor-trailer combination until he had sufficient ability and safety maturity to operate the tractor-trailer combination safely; and

   (d) failing to adequately ascertain that Flunory lacked the ability necessary to safely operate the tractor-trailer combination under the circumstance.

It is believed and therefore averred that as a result of Flunory's negligence, Plaintiff suffered injuries and losses as more fully set forth in the paragraphs of this Complaint above which are incorporated herein by reference thereto as though same were set forth fully herein at length.

WHEREFORE, Plaintiff, Jared Dorn, demands judgment against Defendants, jointly and severally, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) plus interest and costs.

Respectfully submitted,
Law Offices
JAMES D. FAMIGLIO, P.C.

By: _____
JAMES D. FAMIGLIO, ESQUIRE
*Attorney for Plaintiff*

Dated: 8/18/17